MARY M. BOYLE v. JOSIAH W. BOYLE, HENRY J. WELCH, Claimant, Respondent; ANNIE L. McCAHILL, Appellant.

*Court of Appeals, June 14, 1887.*

See 39 Hun, 658, Mem; 23 W. Dig., 346.

*Bond of Indemnity. Administrator.*—A bond of indemnity given by an administrator to the sureties on his bond, and conditioned to save them "from any loss or error which might arise from or be caused by said administration" does not cover expenses incurred by the sureties in an effort to be discharged therefrom, or in their effort to compel the administrator to account.

Appeal from a judgment of the general of the supreme court, affirming an order of the special term, confirming the report of the referee as to the priority and amount of liens in an action for partition of lands.

*De Witt C. Brown,* for Mrs. McCahill.

*John W. Goff,* for Henry J. Welch.

*Jas. C. De La Mare,* for A. J. Rogers.

PER CURIAM.—We are satisfied with so much of the order appealed from as directs that the claim of Mr. Rogers, as attorney in the partition suit shall be first paid out of the proceeds in the hands of the court, but we are not satisfied with the priority awarded to Welch. He was surety upon Mansfield's bond as administrator, and to protect him against

that liability the assignment relied upon was made. But no such liability ever occurred. Mansfield, in the end, settled his accounts, and was discharged, and the decree shows that he paid out in funeral expenses more than the whole amount of the estate. Welch's loss did not come from his liability on the bond, but first from his effort to be discharged as surety, for which Mansfield was not accountable, and second, from his own interference in an endeavor to make Mansfield account. The expenses he incurred were the product of his own fears, and not contemplated by the indemnity, or fairly within its terms. While its language is quite broad, it plainly does not cover an expenditure not created by the suretyship, but by his own hostile endeavor to be rid of it. The purpose is stated to be to guard the bondsmen " from any loss or error that might arise from or be caused by said Mansfield's administration of said personalty." There was no such loss. The administration resulted in none. It came from Welch's fears that there might be one, and his own voluntary action and expenditure. The language expressing what is to be paid out of the share assigned is, " such loss, expense, sum, or sums of money as the said Henry J. Welch and Patrick J. Evans may incur or be put to from any loss, error, mishap, or cause whatsoever in relation or regard to their suretyship on the said bond." Here, again, is contemplated some loss flowing from liability as surety and which is incurred or put upon them from that cause. It is expressed again, " for any loss or expense they or either of them sustain or incur by reason of their suretyship on my said bond." No such loss occurred. Welch could have remained surety, and relied upon his indemnity. He chose not to do so. He sought to be relieved from the risk. That was his privilege ; but the cost of it was not within his indemnity. He incurred further expenses in hostility to Mansfield. The result proved they were needless. Welch has his judgment against Mansfield, but is not entitled to be paid in preference to Mrs. McCahill.

So much of the order as gives him that preference should be reversed; the order modified so as to give Mrs. McCahill preference in payment next after Rogers; no costs of this appeal to be allowed either party.

All concur.